

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 15, 2018**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KENNETH WAYNE TERRILL, | § | CASE NO. 17-60087-rlj7 |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION

### Background

Kenneth Wayne Terrill, the debtor, and his wife own an 88.86-acre tract of land that includes their main house, a barn with an apartment, pastures, and undeveloped acreage.[1] Terrill designated two acres of the tract as his homestead in the Tom Green County property records for tax relief under the Texas Tax Code.[2] The main house and the barn are within the two acres. In his bankruptcy case, Terrill selected the Texas state exemptions, as he is allowed, and claimed the entire 88.86 acres as his rural homestead.[3] William Pickett, a creditor of Terrill's,[4] objected

___

[1] Debtor's Ex. D-2.
[2] Doc. No. 20, Exs. C, D.
[3] Doc. No. 1 at 20.
[4] Pickett filed an unsecured claim in the amount of $527,866.95. Cl. No. 10-1.

to Terrill's homestead exemption, arguing that given his voluntary designation of the two acres under the Tax Code, Terrill's homestead exemption in bankruptcy should be limited to the two acres.[5] Terrill submits that the Texas Constitution and the Texas Property Code allow a rural homestead of up to 200 acres which cannot be limited by the Tax Code. The Court, for the reasons stated below, agrees with Terrill and thus denies Pickett's objection.[6]

**Authority & Analysis**

Texas has a long history of providing generous homestead protections for its citizens. *Bradley v. Pac. Sw. Bank, FSB (In re Bradley)*, 960 F.2d 502, 505 (5th Cir. 1992). The Texas homestead exemptions are derived from the Texas Constitution. As relevant here, Article 16, § 51 states, "[t]he homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon."[7] Except for certain enumerated exceptions, the homestead, whether urban or rural, is protected from forced sale for the payment of all debts and exempt from seizure for the claims of creditors. *See* Tex. Const. art. XVI, § 50 (exceptions include a purchase money lien, property taxes, and home improvement debts); *Kim v. Dome Entm't Ctr., Inc. (In re Kim)*, 405 B.R. 179, 184 (Bankr. N.D. Tex. 2009), *aff'd*, 748 F.3d 647 (5th Cir. 2014).

If at issue, the initial burden to establish the homestead character of property is on the claimant. *Bradley*, 906 F.2d at 507. A claimant must show both (i) overt acts of homestead usage and (ii) intent to claim the land as a homestead. *Kennard v. MBank Waco, N.A. (In re Kennard)*, 970 F.2d 1455, 1458 (5th Cir. 1992) (citing *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.)). Texas courts have held that

---

[5] Doc. No. 20.
[6] The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).
[7] Defining the rural homestead.

2

living, farming, ranching, and raising livestock on rural property are all considered overt acts of homestead usage. *See Fajkus v. First Nat'l Bank of Giddings*, 735 S.W.2d 882, 884 (Tex. App.—Austin 1987, writ denied); *see also Clark v. Salinas*, 626 S.W.2d 118, 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.). And actual use of the land for homestead purposes is "satisfactory and convincing evidence of intention." *Kennard*, 970 F.2d at 1459 (quoting *Lifemark Corp.*, 655 S.W.2d at 315) (internal quotation omitted).

Terrill purchased the 88.86-acre tract in 2003.[8] At the hearing here, Terrill testified that the house was built in 2004. He and his family have lived on the property continuously since 2004. The Terrills have used the property for raising goats, cows, and horses; for hunting and fishing; for running a catering business; and for carrying on general family activities. Their continuous possession and use of the land for homestead purposes satisfies the initial burden of showing overt acts of homestead usage. Given Terrill's actual use of the property for homestead purposes, an inquiry into his intent is not necessary. *See Kennard*, 970 F.2d at 1459. Terrill thus satisfies his burden of establishing the tract as his homestead.

Once a property's homestead character has been established, the burden shifts to the challenging party to disprove its homestead nature. *Bradley*, 960 F.2d at 507. Interestingly, Pickett does not dispute either the rural nature of the 88.86 acres or Terrill and his family's actual use of the property. He argues instead that, as a matter of law, Terrill's voluntary designation of two acres for tax purposes forecloses his claiming the entire 88.86 acres as his homestead in his bankruptcy case.[9] Pickett bases this novel argument on a provision of § 41.005 of the Texas Property Code, which section concerns the voluntary designation of homesteads. Pickett looks to subsection (e), which states as follows:

---

[8] Debtor's Ex. D-1.
[9] Doc. No. 20.

3

> (e) Except as otherwise provided by this subsection, *property on which a person receives an exemption from taxation under Section 11.43, Tax Code, is considered to have been designated as the person's homestead for purposes of this subchapter if the property is listed as the person's residence homestead on the most recent appraisal roll for the appraisal district established for the county in which the property is located.* If a person designates property as a homestead under Subsection (c) or Subchapter B and a different property is considered to have been designated as the person's homestead under this subsection, the designation under Subsection (c) or Subchapter B, as applicable, prevails for purposes of this chapter.

Tex. Prop. Code § 41.005(e) (emphasis added). The highlighted language of subdivision (e) validates Pickett's position, he submits. Subsection (a) of § 41.005 states as follows:

> (a) If a rural homestead of a family is part of one or more parcels containing a total of more than 200 acres, the head of the family and, if married, that person's spouse may voluntarily designate not more than 200 acres of the property as the homestead. If a rural homestead of a single adult person, not otherwise entitled to a homestead, is part of one or more parcels containing a total of more than 100 acres, the person may voluntarily designate not more than 100 acres of the property as the homestead.

Tex. Prop. Code § 41.005(a). From this, it might be argued that the highlighted language of subsection (e) only applies where land on which the homestead is located exceeds 200 (or 100) acres. But it is not clear to the Court why a residential homestead claim under the Tax Code is *not* necessary for a rural homestead of less than 200 acres.

The Texas Property Code, which implements the state's constitutional protection for its citizens, defines a family's rural homestead as land of "not more than 200 acres" with its improvements. Tex. Prop. Code § 41.002(b)(1).

Pickett takes a narrow, literal reading of the highlighted language and concludes that the exemption under the Tax Code is *the* designated homestead for all purposes. But such a reading ignores the almost-sacred homestead protection guaranteed by the Texas Constitution. Besides, the referenced "subchapter" does not state that it trumps the Constitution. How could it? In fact, the Committee Report addressing § 41.005 when it was amended to provide for the designation under the Tax Code states that if "the designation for execution purposes conflicts with the

4

designation for tax purposes, the designation for execution purposes is controlling." House Comm. on Fin. Insts., Bill Analysis, Tex. H.B. 882, 75th Leg., R.S. (1997). This does not necessarily resolve the issue, however, as the commentary assumes *two* inconsistent designations have been made.

The purpose, generally, of making a voluntary designation under § 41.005 is to set aside 200 (or 100 for a single person) acres from a tract of land containing more than 200 (or 100) acres. *See Green v. W. Tex. Coal Mining & Developing Co.*, 225 S.W. 548, 552 (Tex. Civ. App.—Austin 1920, writ ref'd) (noting that designation is not necessary "but is contemplated only where a head of a family has more than 200 acres which has been impressed by its use with the homestead character, and desires to withdraw the excess from the homestead protection."). The Supreme Court of Texas, long ago, determined that a designation "only applies when the homestead forms part of a larger tract or tracts of land"; thus, when less than the permitted acreage is designated, such designation does not "cut[] down the homestead to less than what the uses of the family have embraced in it." *Radford v. Lyon*, 65 Tex. 471, 476–77 (1886).

Section 41.005(e) does not estop Terrill's homestead claim here. As stated, establishing a homestead requires both overt acts of homestead use and an examination of the owner's intent. "Merely filing a homestead designation . . . does not constitute an overt act in furtherance of the requisite intent." *Ag Acceptance Corp. v. Veigel*, No. 2:06-CV-272-J, 2007 WL 6889358, at *9 (N.D. Tex. Aug. 29, 2007); *see also MBank Garland v. Skinner (In re Skinner)*, 74 B.R. 571, 573–74 (Bankr. N.D. Tex. 1987) (refusing to estop the debtors from claiming 91.93 acres as their homestead despite having executed a previous disclaimer filed in the county deed records for a significantly smaller portion of that same tract of land—10 acres—because the debtors demonstrated both "in law and fact" that the entire property was their rural homestead). Terrill's

homestead designation for tax purposes is not evidence of his intent to limit his allowed homestead under the Constitution. Section 41.005 does not take away that which is given by the Texas Constitution—up to 200 acres of rural property protected from the reach of creditors. Pickett did not for any reason rely on Terrill's designation.

In *Sifuentes v. Arriola*, the court held that a proportional 25% homestead tax exemption did not impact the property's homestead status as to the entire property. No. 03-05-00414-CV, 2009 WL 1099253, at *4 (Tex. App.—Austin Apr. 22, 2009, no pet.). Sifuentes, a judgment creditor of the previous property owner, sought to force a sale of the real property as owned by the Arriolas. *Id.* at *1. The subject property consisted of one-fifth of an acre with a four-plex built on the land. *Id.* The Arriolas lived in one of the units and rented out the other three units in the four-plex, as did the previous owner. *Id.* Prior to Sifuentes's recordation of an abstract of judgment, the previous owner applied for and received an ad valorem tax exemption on 25% of the property. *Id.* Seeking to avoid the forced sale, the Arriolas, supported by affidavit of the previous owner, stated that the entire property was their homestead, despite the election made for the tax exemption. *Id.* at *2. The court agreed with the Arriolas' position, stating that "[o]ccupancy determines homestead scope; declarations do not." *Id.* at *4 (citing *Schulz v. L.E. Whitham & Co.*, 27 S.W.2d 1093, 1095 (Tex. 1930)). The court also noted the limitations *imposed by the Tax Code* on the amount of property against which a tax exemption is allowed. *Id.*

Section 11.13(a) of the Texas Tax Code provides that a family or single adult is entitled to a dollar amount exemption from taxation of the assessed value of their "residence homestead." A "residence homestead" is defined in the same section as a structure "together with the land, not to exceed 20 acres." Tex. Tax Code § 11.13(j)(1). A married couple therefore cannot designate

6

more than 20 acres as their residence homestead for tax purposes because the Tax Code limits the exemption to no more than 20 acres. The Arriolas could not exempt the entire property for tax purposes because they lived in only one of the four units. *Sifuentes*, 2009 WL 1099253, at *4.[10] The court held that application for and acceptance of a tax exemption "does not indicate that [the previous owner] 'declared' only twenty-five percent of the Property to be his constitutional homestead. . . . The Property in dispute is exempt from judgment liens." *Id.* at *4–5.

### Conclusion

Homestead designations are not dispositive on the question of whether rural property is the claimant's constitutional homestead. *See In re Skinner*, 74 B.R. at 573–74. Terrill has satisfied his burden of proving overt acts of homestead usage and thus the requisite intent needed to establish his homestead exemption to the entire 88.86 acres. Pickett's objection will be denied.

### End of Memorandum Opinion ###

---

[10] Use as a residence is also required by the definition of "residence homestead." Tex. Tax Code § 11.13(j)(1)(C).